**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES W. HIMES and**
**SHERYL L. MCCORD,**
**and J.H., daughter, a minor,**

    **Plaintiffs,**

v.                                    Case No: 8:10-CV-0411-T-30AEP

**DEPARTMENT OF CHILDREN AND**
**FAMILY SERVICES; GEORGE SHELDON**
**as Secretary, in his official capacity*;***
**HILLSBOROUGH COUNTY SHERIFF'S**
**OFFICE; DAVID GEE, as Sheriff, in his**
**official capacity; JENNIE THOMAS, individually;**
**BILL McCOLLUM, as Attorney General, State of**
**Florida, in his official capacity; TRISTA SAMPSON,**
**Assistant Attorney General, individually,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiffs' Third Amended Complaint (Dkt. No. 15) and Motions for Leave to Proceed *In Forma Pauperis*/Affidavits of Indigency (Dkt. Nos. 16-17). On February 22, 2010, this Court took Plaintiffs' Motions under advisement because their Complaint failed to set forth an identifiable cause of action, and gave Plaintiffs an opportunity to file an amended complaint. (*See* Dkt. No. 6.) On March 17, 2010, Plaintiffs filed an Amended Complaint which the Court dismissed without prejudice on March 26, 2010. At that time, the Court directed Plaintiffs to amend their Complaint within 20 days, failure of which resulting in a dismissal of the action. On April 22, 2010, Plaintiffs filed a Second Amended Complaint. (Dkt. No. 11.) Because the Second Amended Complaint was similarly deficient, the Court

directed Plaintiffs to file a Third Amended Complaint in compliance with guidelines provided by the Court. (*See* Dkt. No. 12.) Plaintiffs' Third Amended Complaint is now before the Court and the undersigned must determine if this Third Amended Complaint sufficiently states a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. §1915(a)(1). However, when an application to proceed *in forma pauperis* is filed, the Court is obligated to review the case and to dismiss it if the Court determines the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; and/or if the complaint seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the undersigned applied the "liberal construction to which *pro se* pleadings are entitled." *Holsomback v. White*, 133 F.3d 1382, 1386 (11th Cir. 1998). However, liberal construction cannot serve as a substitute to establishing a cause of action. *See GJR Invs., Inc. v. County of Escambia, Florida*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiffs bring this action pursuant to Title 42 U.S.C. § 1983 against the Florida Department of Children and Families, the Hillsborough County Sheriff's Office, Jennie Thomas, a child protective investigator, in her individual capacity, Trista Sampson, Assistant Attorney General, in her individual capacity, George Sheldon, Secretary of the Department of Children and Family Services, in his official capacity, David Gee, Sheriff of the Hillsborough County Sheriff's Office, in his official capacity, and Bill McCollum, Attorney General of the State of Florida, in his official capacity. Plaintiffs allege that Defendants violated their civil rights when they took emergency custody of Plaintiffs' minor child, without probable cause.

Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To establish a claim under § 1983, a plaintiff must prove that (1) defendant deprived her of a right secured under the Constitution or federal law, and (2) such deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998); *U.S. Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1288 (11th Cir. 2001). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001); *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). A defendant who occupies a supervisory position may not be held liable under a theory of respondeat superior in a § 1983 action. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-92, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); *Quinn v. Monroe County*, 330 F.3d 1320, 1325 (11th Cir. 2003); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003).

**1) Defendants Department of Children and Family Services and the Hillsborough County Sheriff's Office**

Although Plaintiffs do not bring any specific counts against the Department of Children and Family Services and the Hillsborough County Sheriff's Office, Plaintiffs have included these Defendants in the caption of their Third Amended Complaint and have listed them under the heading "Parties." Plaintiffs were previously advised that the Department of Children and Family Services is a state agency not subject to suit under 42 U.S.C. § 1983. (*See* Dkt. No. 12); *see also Wagner v. Florida Dep't of Children and Families*, No. 8:09-cv-1427-T-30TGW, 2009 WL

2355773, at *2 (M.D. Fla. July 29, 2009) (the Department of Children and Families is not a "person" subject to suit under 42 U.S.C. § 1983); *Marsh v. Dep't of Children and Families*, No. 2:03-cv-162-FtM-29SPC, 2006 WL 2474019, at *2 (M.D. Fla. Aug. 25, 2006) (the Department of Children and Families is not considered a "person" amendable to suit under 42 U.S.C. § 1983).

Similarly, under Florida law, a sheriff's office, such as the Hillsborough County Sheriff's Office, is not an entity that can be sued under § 1983. *See McMahon v. Hunter*, No. 2:06-CV-00179-34DNF, 2007 WL 1952906, at *3 (M.D. Fla. July 2, 2007) ("Although Florida law envisions that counties have the power to be sued, a sheriff's office is not a 'person' 'acting under the color of state law' for the purposes of 42 U.S.C. § 1983."). Thus, the Court recommends that any § 1983 claims against the Department of Children and Family Services and the Hillsborough County Sheriff's Office be dismissed.

**2) Defendant Jennie Thomas**

Plaintiffs allege that Defendant Jennie Thomas violated their due process rights under the Fourteenth Amendment, their family right to privacy under the Ninth Amendment, and their Fourth Amendment rights by illegally seizing their daughter.

*a. Due Process Violation*

Plaintiffs allege that Jennie Thomas proceeded to remove their minor daughter from her parents' custody in violation of their due process rights. "The Supreme Court has held that parents have a constitutionally protected liberty interest in the care, custody and management of their children." *Doe v. Kearney*, 329 F.3d 1286, 1293 (11th Cir. 2003) (*citing Santosky v. Kramer*, 455 U.S. 745, 758-59 (1982)). Thus, before a child is removed from parental custody, the parent has the right to a procedural hearing. *See Tenenbaum v. Williams*, 193 F.3d 581, 593

4

(2d Cir. 1999) ("As a general rule, therefore, before parents may be deprived of the care, custody or management of their children without their consent, due process-ordinarily a court proceeding resulting in an order permitting removal-must be accorded to them."). Nevertheless, "the State has a profound interest in the welfare of the child" and "a state may constitutionally remove children threatened with imminent harm when it is justified by emergency circumstances." *Kearney*, 329 F.3d at 1293. Thus, a state must have "probable cause to believe the child is threatened with imminent harm" before removing the child without judicial authorization. *Id.* at 1295.

In this case, Plaintiffs allege that on February 5, 2006, the Department of Children and Family Services was investigating an allegation of child abuse at Plaintiffs' residence and that the initial investigator "found no abuse or neglect" and found Plaintiffs' daughter "happy and healthy." (Dkt. No. 15 ¶¶ 19-21.) Plaintiffs further allege that on February 14, 2006, the Department of Children and Family Services "through their authorized agent 'Defendant' Jennie Thomas," seized custody of Plaintiffs' daughter "on the grounds of domestic violence, medical and other neglect." (*Id.* ¶ 22.) Plaintiffs assert that while the trial court found Plaintiffs "guilty of child neglect," the 2nd District Court of Appeals reversed the lower court's decision on the basis that "DCF proved absolutely no allegations in its Child Dependency Order." (*Id.* ¶¶ 24-26.) Thus, Plaintiffs allege that Defendant Jennie Thomas, as a Child Protective Investigator employed by the Hillsborough County Sheriff's Office, "who is directly employed by DCF," voluntarily assumed custody of their minor daughter without a legal Court Order and without establishing "probable cause, evidence, or corroboration." (Dkt. No. 15 ¶¶ 70, 75-76.) Based

on these allegations, the Court finds that Plaintiffs have sufficiently pled a violation of their right to due process under the Fourteenth Amendment.

### *b. Ninth Amendment Violation*

Plaintiffs next allege that Defendant Jennie Thomas violated their "family right to privacy" under the Ninth Amendment by invading Plaintiffs' residence.

"The Ninth Amendment standing alone provides no particular constitutionally guaranteed freedoms. It does not confer any rights beyond those granted by other portions of the Constitution." *Hightower v. Olmstead*, 959 F. Supp. 1549, 1557-58 (N.D. Ga. 1996), *aff'd* 166 F.3d 351 (11th Cir. 1998) (citations omitted). However, "the integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Ninth Amendment." *Stanley v. Illinois*, 405 U.S. 645, 651 (1972) (citations omitted). Additionally, the Ninth and Fourteenth Amendments protect the right to family privacy. *Griswold v. Connecticut*, 381 U.S. 479 (1965). Nevertheless, "[a]lthough these amendments do protect familial privacy, the right to familial privacy does not prevent the state from protecting the dependent child from harm at the hands of a parent or caretaker." *E.Z. v. Coler*, 603 F. Supp. 1546, 1559 (N.D. Ill. 1985), *aff'd*, 801 F.2d 893 (7th Cir. 1986) (citations omitted).

Here, in addition to the allegations previously discussed, Plaintiffs allege that Defendant improperly seized their daughter without "sufficient evidence" and that she "personally invaded Plaintiffs['] right to family privacy." The Court finds that Plaintiffs' Third Amended Complaint sufficiently alleges a claim for invasion of their family privacy.

6

### *c. Fourth Amendment Violation*

Lastly, Plaintiffs claim that Defendant Jennie Thomas violated their Fourth Amendment right against the illegal seizure of their daughter. The Fourth Amendment, incorporated by the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, . . ." U.S. Const., amend. IV. "[A] a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). "In the context of removing a child from his home and family, a seizure is reasonable if it is pursuant to a court order, if it is supported by probable cause, or if it is justified by exigent circumstances, meaning that state officers have reason to believe that life or limb is in immediate jeopardy." *Brokaw v. Mercer County*, 235 F.3d 1000, 1010 (7th Cir. 2000) (citations and quotations omitted).

Here, in addition to those allegations previously referenced, Plaintiffs allege that Defendant Jennie Thomas "did not have probable cause, warrant, or exigent circumstance[s]" prior to removing their daughter. (Dkt. No. 15 ¶ 93.) Additionally, Plaintiffs allege that "Defendant personally participated in the kidnap[ ] of our daughter." (*Id*. ¶ 95.) The Court concludes that Plaintiffs have sufficiently alleged a Fourth Amendment violation for the improper seizing of their daughter.

### **3) Defendant Trista Sampson**

Plaintiffs have sued Defendant Trista Sampson for an alleged violation of their procedural due process rights and for malicious prosecution. Turning to Plaintiffs' procedural due process

violation claim, "[a] fundamental requirement of due process is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) (citations and quotations omitted). Here, Plaintiffs allege that Defendant Sampson "failed to file the Child Neglect and Child Dependency Petition in a timely manner as required under current Florida Law and Fla. Statute Chap. 39.501(4) in filing the Petition, it must be filed within 21 days of emergency shelter." (Dkt. No. 15 ¶ 42.) Plaintiffs allege that the emergency shelter hearing was held on February 15, 2006, and that Defendant Sampson filed the child neglect Petition on March 10, 2006, 23 days after the shelter hearing. (*Id*. ¶¶ 43-44.) According to Plaintiffs, "Defendant failed to protect Plaintiffs, and abused the constitutional adequacy of state law procedural protections of the state and federal right to due process." (*Id*. ¶ 86.) The Court finds that Plaintiffs have sufficiently pled their procedural due process violation claim.

To prevail on their malicious prosecution claims under § 1983, "Plaintiffs must establish the elements of the common law tort of malicious prosecution under Florida law and a violation of their rights under the U.S. Constitution." *Signature Pharmacy, Inc. v. Soares*, No. 6:08-cv-1853-Orl-31GJK, 2010 WL 2330279, at *13 (M.D. Fla. June 10, 2010) *(citing Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004)). "To establish the common law tort of malicious prosecution under Florida law, Plaintiffs must show: (1) an original judicial proceeding was commenced or continued against them; (2) [Defendant] was the legal cause of the proceeding; (3) the termination of the proceeding constituted a bona fide termination of that proceeding in Plaintiffs' favor; (4) there was an absence of probable cause for the proceeding; (5) there was malice on the part of [Defendant]; and (6) damages." *Id*. (internal citations omitted). Here, Plaintiffs allege that Defendant Sampson "was the ultimate malicious prosecutor

8

for the Attorney General Office" and "initiated the 'Child Neglect' judicial proceedings against the Plaintiffs on March 10, 2006, when Defendant filed the 'Child Neglect' Petition." (Dkt. No. 15 ¶¶ 41, 97.). Plaintiffs further allege that "Defendant had no probable cause" and "Defendants['] prosecution of Plaintiffs'[ ] was REVERSED." (*Id.* ¶¶ 98, 100.) According to Plaintiffs, the "child neglect claim against the Plaintiffs was reversed at the appellate level and the opinion went as far as stating (13) thirteen separate times that the Defendants presented no evidence at trial." (*Id.* ¶ 68.) Finally, Plaintiffs allege that "[i]n those 485 days under DCF care and supervision, Plaintiffs suffered unthinkable monetary, and irreparable mental, emotion and psycological [*sic*] damages." The Court finds that these allegations are sufficient to allow Plaintiffs to proceed with their claim for malicious prosecution against Defendant Trista Sampson.

**4) Defendants George Sheldon, David Gee, and Bill McCollum**

Plaintiffs have sued Defendants George Sheldon, David Gee, and Bill McCollum in their official capacity. "For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents," here Hillsborough County. *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) (*citing Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). "A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior*, for constitutional injuries inflicted by its employees." *Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999) (citation omitted). A local government is, however, liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

9

In this case, to attribute liability to Defendants Sheldon, Gee, and McCollum in their official capacity under § 1983, Plaintiffs must demonstrate that Defendants had an official policy or custom that was "the moving force of the constitutional violation." *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir.1993) (*quoting Polk County v. Dodson*, 454 U.S. 312, 326 (1981)). Here, Plaintiffs fail to identify any policies, customs, or procedures instituted by Defendants that led to the alleged constitutional violations. Accordingly, the Court concludes that the allegations in the Third Amended Complaint are insufficient to support a § 1983 claim against these Defendants in their official capacities and recommends that the claims against these Defendants be dismissed.

Accordingly, it is hereby **RECOMMENDED**:

1) Plaintiffs' **Motions for Leave to Proceed *In Forma Pauperis*** (Dkt. Nos. 16, 17) be **GRANTED** as to Plaintiffs' claims against Defendants Jennie Thomas and Trista Sampson;

2) Plaintiffs' prior **Motions for Leave to Proceed *In Forma Pauperis*** (Dkt. Nos. 3-5) be **DENIED AS MOOT**;

3) Plaintiffs' claims against Defendants George Sheldon, David Gee, and Bill McCollum in their official capacities, as well as Plaintiffs' claims against the Hillsborough County Sheriff's Office and Department of Children and Family Services be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

4) The Clerk of Court be directed to correct the case caption to reflect the dismissal of Defendants George Sheldon, David Gee, Bill McCollum, the Hillsborough County Sheriff's Office, and Department of Children and Family Services; and

5) Plaintiffs be directed to complete and return the "Summons in a Civil Case" form[1] to the Clerk within twenty (20) days of the Court's Order, whereupon the United States Marshal be directed to serve this summons upon the appropriate parties.

**IT IS SO REPORTED** at Tampa, Florida, this 21st day of July, 2010.

ANTHONY E. PORCELLI
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James S. Moody, Jr.
Plaintiffs, *pro se*

---

[1] This form, listed as "Summons/Civil," can be found at the "Forms, Policies, and Publications," section, "CIVIL" subsection, of this Court's website at http://www.flmd.uscourts.gov. If the Plaintiff does not have access to the internet to download this form, Plaintiff may obtain the form by contacting the Clerk's Office at 813-301-5400.