**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JAMES W. HIMES,** *pro se*, **et al.,**

    **Plaintiffs,**

v.                                                 Case No.  8:10-cv-411-T-30AEP

**DEPARTMENT OF CHILDREN AND**
**FAMILIES, STATE OF FLORIDA, et al.,**

    **Defendants.**
_____/

**ORDER DISMISSING COMPLAINT WITH PREJUDICE**

THIS CAUSE comes before the Court upon Defendants' Motions to Dismiss Complaint (Dkts. #31 and #37) and Plaintiff's Fifth Amended Complaint (Dkt. #35). The Court having reviewed the Complaint and motions concludes that the Fifth Amended Complaint should be dismissed with prejudice.

**Procedural Background**

Plaintiffs filed their original Complaint on February 10, 2010, asserting violations of 42 U.S.C. § 1983. The Court dismissed the Complaint for failure to set forth a short simple statement of facts sufficient to support a claim for relief. Plaintiffs filed their Amended Complaint on March 15, 2010. The Court dismissed Plaintiffs' Amended Complaint *sua sponte* for the same reasons. Plaintiffs filed a Second Amended Complaint on April 22, 2010, once again attempting to allege violations of 42 U.S.C. § 1983. The Court dismissed

the Second Amended Complaint and directed the Plaintiffs to file a Third Amended Complaint.

Plaintiffs filed a Third Amended Complaint on June 30, 2010. On August 10, 2010, this Court adopted the recommendation of the Magistrate Judge dismissing Plaintiffs' claims against Defendants George Sheldon (Secretary of the Department of Children and Families of the State of Florida), David Gee (Sheriff of Hillsborough County, Florida), and the Attorney General of the State Attorney in their official capacities, as well as Plaintiffs' claims against the Hillsborough County Sheriff's Office and the Department of Children and Families. The Third Amended Complaint was allowed to proceed as to Defendant Jennie Thomas and Trista Sampson, and Plaintiffs were granted leave to proceed *in forma pauperis* as to these two Defendants.

On September 27, 2010, Defendants Jennie Thomas and Trista Sampson filed a Motion to Dismiss the Third Amended Complaint. On October 19, 2010, without leave of Court, Plaintiffs filed a Fourth Amended Complaint. Defendants filed a Motion to Dismiss the Fourth Amended Complaint on October 28, 2010. On November 16, 2010, once again without leave of Court, Plaintiffs filed their Fifth Amended Complaint. On November 17, 2010, this Court accepted Plaintiffs' Fifth Amended Complaint, allowed Defendants' previous Motion to Dismiss the Fourth Amended Complaint to stand as against the Fifth Amended Complaint, and allowed Defendants to file a supplement to the Motion to Dismiss. On November 23, 2010, Defendants filed their Supplemental Motion to Dismiss.

**Plaintiffs' Fifth Amended Complaint**

Plaintiffs claim Defendants Jennie Thomas and Trista Sampson violated their constitutional rights by having their child, J.H., removed from their custody and placed in the protection of the State of Florida. Jennie Thomas is a child protection investigator employed by Florida's Department of Children and Families and later by the Hillsborough County Sheriff's Office. Defendant Trista Sampson is an assistant attorney general for the State of Florida's Attorney General's office. In their Fifth Amended Complaint, Plaintiffs acknowledge that all actions by these two Defendants were taken in the performance of their employment duties and functions.

Specifically, Plaintiffs allege in pertinent part:

22. On February 14, 2006 the Department of Children and Family Services by and through their authorized agent "Defendant" Jennie Thomas, seized custody of Plaintiffs daughter J.H. at Plaintiffs residence on her alleged basis of domestic violence, medical and other neglect.

23. On February 14, 2006 the DCF placed our daughter J.H. in shelter care.

24. On February 15, 2006 the DCF held an alleged "[E]mergency" shelter Hearing.

25. Defendant THOMAS, failed to notify Plaintiff James Himes of this Hearing.

26. On March 10, 2006, (23) twenty-three days after the shelter hearing. Defendant Trista Sampson filed the Petition for Adjudication of Dependency.

27. A trial was held on June 15, 2006 for Child Neglect, and dependency.

28. The trial Court erred and ruled in DCF favor, finding Plaintiffs guilty of child neglect.

29. The 2nd District Court of Appeal on May 18, 2007 <u>reversed</u> the Lower Tribunals Child Neglect Order based on the opinion the DCF proved absolutely no factual allegations in its Child Dependency prosecution of the Plaintiffs. See <u>JWH v. DCF</u> (Fla. 2nd DCA 2D06-3715)

30. On June 1, 2007 the DCF by and through their legal council, "Defendant" and Attorney General of this State, BILL MCCOLLUM, <u>voluntarily</u> dismissed their Adjudication of Dependency <u>without</u> prejudice by Mandate from the District Court of Appeal of the State of Florida.

31. On June 6, 2007 the Defendant Bill McCollum, filed the Dismissal of their Petition.

32. On June 15, 2007 the DCF returned custody of our daughter J.H.

\* \* \* \*

35. Defendant, Jennie Thomas who was the "authorized" agent for the DCF, while acting within the course and scope of her employees office, function and duties of the <u>OPERATIONAL LEVEL FUNCTION</u>'[S], <u>NOT</u> <u>DISCRETIONARY</u>, <u>POLICY MAKING</u> OR <u>PLANNING</u>.

36. On February 14, 2006 <u>without</u> a court order or sufficient evidence the "authorized" agent of DCF, Jennie Thomas, <u>SEIZED</u> custody of our beautiful daughter J.H. on the basis our (2) two children J.H. and C.M. are mentally retarded, and J.H. <u>is underweight and does not eat</u>." <u>J.H. looks like a skeleton with her skin on</u>". The law was "clearly established" at the removal of J.H. See <u>Roska v. Peterson</u>, 304 F. 3d 982, 993 (10th Cir. 2002)

\* \* \* \*

38. Defendant, Jennie Thomas <u>failed</u> to properly <u>investigate</u> medical conditions of the Plaintiffs prior to detaining J.H. and deprived and violated Plaintiffs rights to the Substantive Due-Process clause and other fundamental liberties, and parental rights protected under the U. S. Constitution and federal laws of the United States of America.

\* \* \* \*

> 42. Defendant Trista Sampson <u>failed</u> to properly <u>investigate</u> medical conditions of the Plaintiffs prior to filing the Dependency Petition, and <u>failed</u> to file the Petition in a timely manner, it must be filed within (21) day's, she filed in (23) twenty-three day's.

Plaintiffs' Fifth Amended Complaint (Dkt. #35). These factual allegations defeat Plaintiffs' claims under 42 U.S.C. § 1983 because Defendant Jennie Thomas is protected by qualified immunity and Defendant Trista Sampson is protected by absolute immunity. Where the facts asserted demonstrate a state actor is entitled to immunity, that defendant is entitled to be dismissed as a matter of law. *Anderson v. Creighton*, 483 U.S. 635 (1987).

### Discussion

It is apparent from Plaintiffs' own allegations that all actions taken by Defendants Jennie Thomas and Trista Sampson were performed within their official duties. And while the Complaint asserts that the Defendants negligently investigated the facts prior to instituting state removal proceedings, that is insufficient to overcome Defendants' immunity.

Defendant Jennie Thomas removed J.H. from Plaintiffs' custody on the "basis of domestic violence, medical and other neglect." (Fifth Amended Complaint, paragraph 22). On the day of removal, the Department of Children and Family Services (DCF) placed the child in protective care. (Paragraph 23). The only fault Plaintiffs ascribe to Defendant Thomas was her alleged negligence in fully investigating the child's failure to thrive. Plaintiffs claim the child suffered from a genetic disorder, not their lack of care. But mere negligence does not overcome a state actor's protection of qualified immunity. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). To overcome qualified immunity, a plaintiff

must show that an unconstitutional deprivation of a right was caused by the "deliberate indifference" of the official to known risks.

Pursuant to the case law of the Eleventh Circuit, deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence. *McElligot*, 182 F.3d at 1255. Taking Plaintiffs' allegations as true, which this Court must, Plaintiffs fail to meet any of the three prongs necessary to show deliberate indifference. By taking custody of J.H. and immediately placing her in the shelter of DCF, Defendant Thomas did not have knowledge of a risk of serious harm to the child, did not disregard any known risks, and took no action more than mere negligence. Therefore, Defendant Thomas is entitled to qualified immunity.

Defendant Trista Sampson was the assistant attorney general of the State that was charged with scheduling and arguing in court whether J.H. should remain in state protective custody. Attorneys who prosecute such cases are afforded absolute immunity for their actions, as long as such actions are taken within the scope of his or her employment. *Butz v. Economou*, 438 U.S. 478 (1978). The factual allegations in Plaintiffs' Fifth Amended Complaint establish that all acts of Defendant Sampson were taken while performing her function as an advocate for the government. She is therefore entitled to absolute immunity. *Rowe v. City of Ft. Lauderdale*, 279 F. 3d 1271 (11th Cir. 2002).

## Conclusion

Since Plaintiffs have not overcome the immunity afforded each Defendant, the Fifth Amended Complaint fails as a matter of law. Both Defendants are entitled to Judgment in their favor. Further amendment would be futile.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motions to Dismiss Complaint (Dkts. #31 and #37) are GRANTED. The Fifth Amended Complaint (Dkt. #35) is hereby DISMISSED with prejudice as to all Defendants.

2. The Clerk is directed to enter Judgment in favor of all Defendants, terminate all pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on February 11, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-411.dismiss 35.frm